UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROCIO GLADYS VILLARREAL OBREGON and F.S.V.V.,<br><br>                              Petitioners,<br><br>                -v.-<br><br>LADEON FRANCIS, *Field Office Director of Enforcement and Removal Operations, New York Field Office, Immigration and Customs Enforcement*; TODD LYONS, *Acting Director, Immigration and Customs Enforcement*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; U.S. DEPARTMENT OF HOMELAND SECURITY; PAM BONDI, *U.S. Attorney General*; and EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,<br><br>                              Respondents. | 25 Civ. 9465 (KPF)<br><br>**ORDER GRANTING PRO BONO COUNSEL** |

KATHERINE POLK FAILLA, District Judge:

Petitioners Rocio Gladys Villarreal Obregon and her 14-year-old daughter, F.S.V.V. bring a petition for a writ of habeas corpus seeking relief for immigration detention.  The Petition was filed on Petitioners' behalf by Eduardo Fabian Arias, a Next Friend, on November 12, 2025.  (Dkt. #1).

## DISCUSSION

The Court finds that the appointment of *pro bono* counsel is appropriate in this case. In making this finding, the Court has considered the factors set forth in *Hodge* v. *Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), which include: "(1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's

ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia* v. *USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Petitioners. In particular, Petitioners' abilities to present their case and conduct any related fact investigation are significantly limited due to their incarceration and the emergency nature of their petition. Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues[.]" *Hodge*, 802 F.2d at 61.

Accordingly, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioners in this case. It should be noted that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent litigants *pro bono*. *Mallard* v. *U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). There is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, Petitioners should be prepared to proceed with the case *pro se*. If an attorney volunteers, the attorney will contact Petitioners, or their Next Friend, directly.

If Petitioners have already successfully secured counsel on their own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, they should inform the Court as soon as possible.

The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

## CONCLUSION

For the foregoing reasons, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioners in this case.

The Clerk of Court is further directed to send by regular mail a copy of this order to the Petitioners' Next Friend. Petitioners' Next Friend may receive court documents by email by completing the form, Consent to Electronic Service.[1]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 14, 2025
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

---

[1] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.