UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROCIO GLADYS VILLARREAL OBREGON and F.S.V.V., <br><br> Petitioners, <br><br> -v.- <br><br> LADEON FRANCIS, *Field Office Director of Enforcement and Removal Operations, New York Field Office, Immigration and Customs Enforcement*; TODD LYONS, *Acting Director, Immigration and Customs Enforcement*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; U.S. DEPARTMENT OF HOMELAND SECURITY; PAM BONDI, *U.S. Attorney General*; and EXECUTIVE OFFICE FOR IMMIGRATION REVIEW <br><br> Respondents. | 25 Civ. 9465 (KPF) <br><br> **ORDER** |

KATHERINE POLK FAILLA, District Judge:

Petitioners Rocio Gladys Villarreal Obregon and her 14-year-old daughter, F.S.V.V., bring a petition for a writ of habeas corpus seeking relief for immigration detention (the "Petition"). The Petition was filed on Petitioners' behalf by Eduardo Fabian Arias, a Next Friend, on November 12, 2025. (*Villarreal Obregon* Dkt. #1). On November 17, 2025, the Court issued an Order that, among other things, directed Defendants to file an opposition on or before November 19, 2025, explaining why the Petition should not be granted. (*See Villarreal Obregon* Dkt. #5). The Government timely filed that opposition. (*See Villarreal Obregon* Dkt. #10).

The Court appreciates the Government's prompt and thorough response. The Government concedes that the facts of this case are "indistinguishable"

from an earlier case before this Court, *Ortiz-Lopez* v. *Francis*, No. 25 Civ. 7985 (KPF). (*See Villarreal Obregon* Dkt. #10 at 4). This Court granted Mr. Ortiz-Lopez's petition for a writ of habeas corpus in that case. (*See Ortiz-Lopez* Dkt. #13). As such, Ms. Villarreal Obregon and her daughter's Petition in this action is GRANTED for the reasons set forth on the record in the October 22, 2025 conference in *Ortiz-Lopez*. (*See Ortiz-Lopez* Dkt. #15).

Respondents are ORDERED to, with the help of United States Immigration and Customs Enforcement, transport Petitioners back to the Southern District of New York by **November 24, 2025**, and immediately upon effectuating his transfer, to release Petitioners from custody. *See Lopez Benitez* v. *Francis*, — F. Supp. 3d —, No. 25 Civ. 5937 (DEH), 2025 WL 2371588, at *15 (S.D.N.Y. Aug. 13, 2025). Respondents may impose only the restraints on Petitioners' liberty that existed prior to their re-detention on November 12, 2025. Respondents are further ORDERED to certify compliance with this ORDER no later than **5:00 p.m.** on **November 25, 2025**. *See id.*; *Tuma Huamani* v. *Francis*, No. 25 Civ. 8110 (LJL), 2025 WL 3079014, at *9 (S.D.N.Y. Nov. 4, 2025).[1]

---

[1] In *Ortiz-Lopez*, the Court ordered that "Mr. Ortiz-Lopez shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the Government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a)." (*Ortiz-Lopez* Dkt. #13).

In its submission here, however, the Government informed the Court that there is no procedural mechanism in immigration court for a pre-deprivation hearing. (*Villarreal Obregon* Dkt. #10 at 5). If Petitioners wish to propose an alternative mechanism of relief to ensure that their rights are not violated in the future, the Court would entertain any request to modify its Order to include such relief on or before **November 26, 2025**.

2

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:  November 20, 2025
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

3